UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE DEWAYNE TROQUILLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-0758** |
| **DR. JERRY THOMAS, EMT SGT. BRUCE STEWART, NURSE NICHOLAS CRAWFORD, LPN** | **SECTION "S"(4)** |

## ORDER AND REASONS

On March 27, 2008, the plaintiff, Jaimie Dewayne Troquille, *pro se*, filed a **Motion for a Temporary Restraining Order and/or a Preliminary Injunction** seeking an order to prevent the defendants from filing disciplinary reports against him for seeking emergency medical treatment for his chronic ankle problem. Troquille filed the captioned *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983, against the defendants, Dr. Jerry Thomas, Sergeant Bruce Stewart, and Nicholas Crawford, LPN, alleging that the defendants has denied him needed medical care for his ankle. He alleges that he continues to suffer with pain and swelling in the ankle after an injury suffered in 2006 and several re-injuries. He concedes that he has been examined on sick call by the doctor and he is scheduled for an orthopedic examination outside of the prison.

He complains, however, that when he seeks to obtain additional treatment by declaring himself an emergency, he is reprimanded by the prison officials for malingering or abusing the self-

declared emergency system. Through the instant motion, Troquille seeks a restraining order, not so much to receive care, but instead to prevent the defendants from imposing disciplinary actions against him when he seeks self-declared emergency treatment rather than having to wait for the regular sick call process.

A temporary restraining order may only be granted under Fed. R. Civ. P. 65(b) if there is (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause on the opponent; and (4) the injunctive relief will not do disservice to the public interest. Fed. R. Civ. P. 65; *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987). If the plaintiff fails to meet the burden of any one of the four factors, injunctive relief can not be granted. *Bergquist v. FYBX Corp.*, 2003 WL 21488117 (E.D. La. 2003) (Vance, J.).

In the instant case, the record does not demonstrate that Troquille is under a substantial threat of irreparable harm. The harm asserted in the motion is that Troquille can not seek repeated "emergency" treatment for his chronic ankle problems. Troquille does not complain that he is not receiving medical care for his ankle. Instead, his complaints are with the procedures he is required to follow to obtain that care.

To the extent that Troquille is discontent with having to wait for appointments, he has not shown a danger of imminent harm to his condition. Furthermore, the law does not require that Troquille agree with the course of treatment he is provided by the prison doctors as long as the defendants have not acted with intentional indifference to a serious need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Norton v. Dimazana,* 122 F.3d

286, 292 (5th Cir.1997) (an inmate's disagreement with his medical treatment does not give rise to a constitutional claim under § 1983).

Thus, at this stage of the litigation, there remains a question as to whether Troquille will be successful on the merits of his claim. The Court will conduct a *Spears* Hearing to further develop the allegations and perhaps reconsider the issuance of injunctive relief. At this time, however, there is no indication in the record of a substantial threat that Troquille will suffer irreparable injury without the requested injunctive relief. He concedes that he can seek medical attention through the normal sick call channels and therefore is not being precluded from seeking medical attention. Troquille, therefore, has failed to meet at least two of the factors necessary to obtain the injunctive relief he seeks. Accordingly,

**IT IS ORDERED** that Troquille's **Motion for a Temporary Restraining Order and/or a Preliminary Injunction** filed March 27, 2008, is **DENIED**.

New Orleans, Louisiana, this 12th day of May, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**